**WILLIAM BERNARD REALTY COMPANY et al., Appellees,**

v.

**BARBERTON PLANNING COMMISSION, Appellant, et al.**

[Cite as *William Bernard Realty Co. v. Barberton Planning Comm.* (1998), 126 Ohio App.3d 600.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18582.

Decided March 11, 1998.

*Earl C. Sheehan*, for appellees.

*Martin J. Bodnar*, Barberton Law Director, for appellant.

QUILLIN, Presiding Judge.

Defendant-appellant Barberton Planning Commission ("Barberton") appeals from a decision of the Summit County Court of Common Pleas reversing Barberton's rejection of a new subdivision proposed by plaintiffs-appellees William Bernard Realty Company and the Bernard Company (referred to jointly as "Bernard"). We reverse and remand for further proceedings.

I

Bernard owns real estate in Barberton that is roughly pie-shaped, with West Heatherwood Street running along the "crust" of the pie. Bernard sought to develop this real estate by building attached one-family housing units. Bernard proposed to subdivide this pie shape into several long, narrow lots, all with frontage on West Heatherwood Street. Most of the resulting lots would be thirty-five feet wide, with a depth ranging from one hundred thirty-eight to two hundred eighty-eight feet.

Both parties agree that the proposed lots meet the minimum width, minimum square footage, and total lot-size requirements of Barberton's Zoning Code. However, Barberton rejected Bernard's proposal because it did not meet the objectives and minimum requirements of Barberton's Land Planning and Subdivision Regulations. Barberton explained:

"The objectives of the Subdivision Regulations are listed in Section 1.03, Objectives, which states:

" 'It is intended that the provisions of these regulations shall be administered to achieve the following objectives: Orderly development of the land, harmonious and stable neighborhoods . . . .' [Ellipsis *sic.*]

"Planning Commission did not believe the proposed development pattern, as submitted, was harmonious with the established neighborhood. *The elongated*

*lots were disproportional and inharmonious to the established pattern and as a result could jeopardize the stability of the neighborhood.*

"Specifically, the concern with disproportional lots is addressed in the Land Planning and Subdivision Regulations, Section 7.05, Lot Design [:]

"a.  Building Sites.  The lot lines shall be designed to form a good building site on each lot and not merely geometric shapes enclosing the minimum area permitted.  The lots shall be more or less rectangular in form;  triangular, elongated or other shapes that restrict its use as a building site shall be avoided.

"c.  [*sic*] The mean depth of lots abutting a local street, one family subdivision, shall not exceed 2.5 times its width.  This ratio shall be increased when the rear line of such lots abuts a railroad or other incompatible non-residential land use.

*"The proposed configuration of the 11 lots subdivided from lot 115, as submitted, contains a width to depth ratio ranging from 1:4—1:8 which well exceeds the depth requirement of 1:2.5 ratio required in the Subdivision Regulations.*  Planning Commission approval may only be granted if the lot design meets the objectives and requirements of the Land Planning and Subdivision Regulations."  (Emphasis added.)

Bernard appealed this decision to the court of common pleas.  The case was assigned to a magistrate, who proposed to reverse the Barberton decision because the subdivision regulations were too vague.  The magistrate's decision was adopted by the trial court.  Barberton appeals the reversal.

## II

Barberton assigns one error:

"The trial court erred by finding the city of Barberton subdivision regulations void for vagueness."

■   In analyzing whether a zoning provision is unconstitutional, courts must begin with a strong presumption of validity.  *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 32, 30 OBR 33, 37, 505 N.E.2d 966, 970.  The unconstitutional-vagueness argument "is inherently deficient in a zoning case where the zoning resolution, by its very nature, puts a property owner on notice that use of the property is subject to regulation."  *Id.*

■   In this case, Barberton has not only put Bernard on notice that use of its property is subject to lot-size and shape restrictions but has also provided Bernard with a uniform mathematical standard for determining the permissible length of the proposed lots.  We find nothing vague in this simple mathematical

formula. Therefore, the trial court erred in adopting the magistrate's proposal and reversing the Barberton decision on grounds of vagueness.

*Judgment reversed*
*and cause remanded.*

BAIRD and DICKINSON, JJ., concur.